IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DANIELLE JOHNSON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | Civil Action No. 3:23-CV-1016-D |
| | § | |
| EPSILON DATA MANAGEMENT, LLC, | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM OPINION
AND ORDER

Plaintiff Danielle Johnson ("Johnson")—now proceeding *pro se* following the entry of partial summary judgment and a jury verdict in favor of defendant Epsilon Data Management, LLC ("Epsilon")—has filed the following post-judgment motions: to compel disclosure of Epsilon's HR investigation notes; for the appointment of an independent forensic reviewer; for sanctions against defense counsel under Fed. R. Civ. P. 37; for fee reduction, review, or stay pending review of her Rule 60(b) motions and appeals; for relief from judgment under Rule 60(b)(2), 60(b)(3), and 60(b)(6); to vacate the grant of summary judgment on her discrimination claim; for judicial referral and sanctions of defense counsel pursuant to ABA Model Rule 3.3; for leave to supplement evidentiary filings in support of her Rule 60(b) motions; and for the court to rule on interrelated post-trial motions.[1] The

---

[1] Johnson's briefing indicates that she has also filed a motion to compel insurance disclosure. Because no such motion appears to have been filed, the court will not rule on it. *See infra* note 3.

court denies the motions for the reasons that follow.

I

The court assumes the parties' familiarity with its pretrial memorandum opinion and order granting partial summary judgment in favor of Epsilon on Johnson's discrimination claims and against Epsilon on Johnson's retaliation claim. *See Johnson v. Epsilon Data Mgmt., LLC* ("*Johnson I*"), 2024 WL 5240151 (N.D. Tex. Dec. 27, 2024) (Fitzwater, J.). Johnson brought claims against Epsilon for race, color, and national origin discrimination and retaliation under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, 42 U.S.C. § 1981, and the Texas Commission on Human Rights Act, Tex. Lab. Code Ann. § 21.001 *et seq.* (West 2023). Epsilon moved for summary judgment, which the court granted as to Johnson's discrimination claims but denied as to her retaliation claim. Johnson's retaliation claim was then tried to a jury, which returned a verdict in Epsilon's favor on February 28, 2025, and the court entered judgment the same day. The court granted the unopposed post-judgment motions to withdraw of Johnson's counsel on March 5, 2025 and March 13, 2025.

Johnson then filed several *pro se* post-judgment motions. Johnson filed on March 21, 2025 a motion to compel the release of HR Investigation Notes, to appoint an independent forensic reviewer, to impose sanctions against defense counsel for discovery violations under Rule 37, and for fee reduction, review, or stay pending resolution of her Rule 60(b) motions and related appeals. On March 28, 2025 Johnson filed a motion for relief on the judgment pursuant to Rule 60(b)(2), 60(b)(3), and 60(b)(6), to reconsider the grant of partial summary

judgment, and for sanctions for defense counsel's refusal to correct known perjury. On April 2, 2025 she filed an amended motion for relief on judgment pursuant to Rule 60(b)(2), 60(b)(3), and 60(b)(6), to reconsider the grant of partial summary judgment, and for sanctions on defense counsel, and she filed a motion for leave to supplement evidentiary filings in support of her Rule 60(b) motion. On April 14, 2025 Johnson filed two essentially identical[2] motions to rule on interrelated post-trial motions. These motions do not request independent or additional relief, but they ask the court to "consider these interrelated filings together to allow a complete and coherent understanding of the procedural posture and evidentiary issues." *E.g.*, P. Mot. to Rule on Interrelated Post-Trial Mots. (ECF No. 106) at 2.[3] The court now decides these motions on the briefs, without oral argument.

II

As an initial matter, the court denies Johnson's motion for leave to supplement evidentiary filings in support of her Rule 60(b) motions because the proposed supplemental filings do not impact the court's decision on the relevant motions. The court denies Johnson's motions to rule on interrelated post-trial motions because the court in its discretion will consider Johnson's motions in the manner it deems appropriate. The court also denies Johnson's request that her fee obligations be reduced, reviewed, or stayed pending resolution

---

[2]One version of the motion includes attached exhibits, but the two versions of the motion otherwise appear to be identical.

[3]Both of these motions indicate that Johnson moved to compel insurance disclosure on April 14, 2025, but no such motion appears to have been filed. Even if it had, such a motion would not entitle Johnson to post-judgment relief.

of her 60(b) motions and appeals and denies Johnson's "request[] that the Court appoint an independent forensic reviewer to assess the integrity of the investigation and ensure that all relevant evidence is properly evaluated." P. Mot. to Compel (ECF No. 84) at 4.

III

The court now turns to Johnson's motion to compel production of the HR investigation notes. Johnson maintains that these documents must be produced because they are not privileged and because Epsilon failed to produce a privilege log when it refused to produce the documents in response to Johnson's initial request for production. Epsilon responds that this request is untimely because discovery closed in April 2024, and it maintains that the requested documents are privileged.

Under the initial scheduling order entered in this case on July 31, 2023, the deadline to complete discovery was March 1, 2024. On February 29, 2024 the court granted the parties' joint motion to continue and extend certain deadlines and extended the discovery deadline to April 30, 2024. Because Johnson did not move to compel disclosure of the HR investigation notes until March 21, 2025—after the discovery deadline (indeed, after the trial)—her motion is untimely. In order to pursue it, she must obtain the judge's consent and demonstrate good cause to modify the scheduling order. *See, e.g., Cartier v. Egana of Switz. (Am.) Corp.*, 2009 WL 614820, at *2 (N.D. Tex. Mar. 11, 2009) (Fitzwater, C.J.). Johnson has not done this. She has not demonstrated good cause for modifying the scheduling order to allow this untimely post-trial discovery motion. In particular, she has not presented any persuasive reason explaining why she could not have sought to compel the production of

-4-

these documents before the April 30, 2024 discovery deadline. Accordingly, the court declines to modify the scheduling order, and it denies the motion.

IV

The court next considers Johnson's request for Rule 37 sanctions. Johnson seeks sanctions under Rule 37(b) for Epsilon's failure to produce the requested HR investigation notes and witness statements during discovery, and failure to produce a privilege log. Epsilon responds that sanctions are not warranted because Epsilon has not failed to obey a court order.

Rule 37(b) provides that a court may issue sanctions for failure to comply with a court order. Johnson has not shown that Epsilon violated a court order when it declined to produce the requested materials. The court the therefore denies this motion.

V

The court next considers Johnson's motions for relief from judgment pursuant to Rules 60(b)(2), 60(b)(3), and 60(b)(6).[4]

A

Johnson maintains that "newly discovered audio recordings and internal messages directly contradict material trial testimony[.]" P. Mot. for Relief from Judg. (ECF No. 91) at 23. Epsilon responds that this evidence is not "newly discovered" because Johnson created the audio recordings and has had them in her possession since 2021.

---

[4]Johnson filed her initial Rule 60(b)(2), 60(b)(3), and 60(b)(6) motion on March 28, 2025 and an amended motion on April 2, 2025.

Under Rule 60(b)(2) the court can relieve a party from a final judgment based on "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)." To succeed on a Rule 60(b)(2) motion for relief from judgment based on newly discovered evidence, "a movant must demonstrate: (1) that [she] exercised due diligence in obtaining the information; and (2) that the evidence is material and controlling and clearly would have produced a different result if present before the original judgment." *Hesling v. CSX Transp., Inc.*, 396 F.3d 632, 639 (5th Cir. 2005) (quoting *Goldstein v. MCI WorldCom*, 340 F.3d 238, 257 (5th Cir. 2003)). "The movant must strictly satisfy these requirements." *Nat'l City Golf Fin. v. Scott*, 899 F.3d 412, 418 (5th Cir. 2018) (quotation omitted).

Johnson has not satisfied her burden under Rule 60(b)(2). Concerning the recordings, Johnson maintains that she has "preserved original audio evidence since 2021 and provided it to the defense in accordance with the discovery process." P. Reply (ECF No. 113) at 2. It is therefore obvious that the recordings do not qualify as newly discovered evidence that, "with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)." The fact that Johnson's counsel did not offer the recordings into evidence at trial does not mean that the later-authenticated transcripts—transcripts of recordings that had been in Johnson's possession for several years prior to trial—constitute newly discovered evidence. Similarly, Johnson has not indicated that the "internal messages" that she references could not have been produced earlier with reasonable diligence. The court therefore declines to grant relief from the judgment on this basis.

B

Johnson contends next that Epsilon's fraud, misrepresentation, and misconduct in putting on false testimony and failing to provide a privilege log when withholding HR investigation notes during discovery materially impaired her ability to present her case. Epsilon responds that Johnson cannot establish by clear and convincing evidence that Epsilon engaged in fraud or misconduct, or that any alleged misconduct prevented her from fully and fairly presenting her case.

A party making a Rule 60(b)(3) motion must establish by "clear and convincing evidence (1) 'that the adverse party engaged in fraud or other misconduct' and (2) 'that this misconduct prevented the moving party from fully and fairly presenting [her] case.'" *Nat'l City Golf Fin.*, 899 F.3d at 418-19 (quoting *Hesling*, 396 F.3d at 641). "Rule 60(b)(3) is not intended to correct those outcomes which may be factually incorrect, but rather to protect against a party prevailing by unfair means." *Diaz v. Methodist Hosp.*, 46 F.3d 492, 497 (5th Cir. 1995) (citing *Johnson v. Offshore Exploration, Inc.*, 845 F.2d 1347, 1347 (5th Cir. 1988)).

In her motions, Johnson summarizes statements made in the recorded phone calls that she maintains contradict the testimony of defense witnesses. But for the most part, she does not cite the specific parts of the recordings or transcripts to which she refers. And when she summarizes the allegedly false testimony given at trial, she again omits references to the specific time stamps or transcript pages that she contends support her assertions about the

contents of the testimony.[5]

This procedural defect aside, even as evidenced by Johnson's summaries, the potential inconsistencies between the trial testimony and the contents of Johnson's recorded phone calls do not establish by clear and convincing evidence that the witnesses made intentionally false statements, and it does not establish by clear and convincing evidence that Epsilon was aware of any willfully false statements or any other fraud. Moreover, there is no indication that, even had such misconduct occurred, it would have prevented Johnson from fully and fairly presenting her case. Johnson could have challenged the allegedly false testimony at trial by properly introducing contrary evidence.

As for the misconduct that Johnson alleges occurred when Epsilon declined to produce requested HR investigations notes on the basis of privilege and failed to provide a privilege log, Johnson has failed to establish that this withholding of purportedly privileged documents constituted misconduct or that it prevented her from fully and fairly presenting her case. It appears that Johnson neither moved to compel production of the withheld documents while discovery was open, nor did she seek a privilege log prior to trial. Johnson has therefore failed to demonstrate either that Epsilon engaged in fraud or other misconduct or that any misconduct prevented her from fully and fairly presenting her case. The court

---

[5]This defect has a similar consequence to one that results when a response to a summary judgment motion does not adequately cite the record. "Rule 56 does not impose a duty on the district court to sift through the record in search of evidence to support a party's opposition to summary judgment." *Doddy v. Oxy USA, Inc.*, 101 F.3d 448, 463 (5th Cir. 1996) (citing *Jones v. Sheehan, Young, & Culp, P.C.*, 82 F.3d 1334, 1338 (5th Cir. 1996)); *accord Stults v. Conoco, Inc.*, 76 F.3d 651, 657 (5th Cir. 1996).

therefore declines to grant relief from the judgment on this basis.

C

Johnson asserts that the "Ineffective Assistance of [Her] Counsel and Misconduct of Opposing Counsel" constitute extraordinary circumstances that justify relief from judgment. P. Mot. for Relief from Judg. (ECF No. 91) at 6 (bold font omitted). She posits that her original attorney, Christopher C. Antone, Esquire, failed to take depositions of key defense witnesses and "abandoned representation without direct notice"; that Robert E. Goodman, Jr., Esquire, took over her case two weeks before the summary judgment deadline; and that neither attorney ensured that the recordings she had made of phone calls were admitted at trial. *Id.* at 6-8. Johnson also contends that defense counsel never produced a privilege log despite asserting that HR investigation notes were withheld on privilege grounds, in violation of Rule 26(b)(5), and that this undermined her ability to contest the accuracy of Epsilon's narrative. Epsilon responds that "ineffective assistance of counsel" is a concept that applies only to criminal cases, not civil lawsuits, and that Johnson's disagreements with her counsel's strategies in litigating her case are not "extraordinary circumstances" warranting relief under Rule 60(b)(6).

Rule 60(b)(6) is "mutually exclusive" with Rule 60(b)'s other clauses and extends relief only in "extraordinary circumstances . . . ." *Hess v. Cockrell*, 281 F.3d 212, 215-16 (5th Cir. 2002) (quotation omitted); *see also Gonzalez v. Crosby*, 545 U.S. 524, 528-29 (2005) ("Rule 60(b)(6) . . . permits reopening when the movant shows 'any . . . reason justifying relief from the operation of the judgment' other than the more specific

-9-

circumstances set out in Rules 60(b)(1)-(5)." (second alteration in original) (quoting *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 863 n.11 (1988))). "Accordingly, Rule 60(b)(6) requires a showing of 'manifest injustice' and will not be used to relieve a party from the 'free, calculated, and deliberate choices [she] has made.'" *Yesh Music v. Lakewood Church*, 727 F.3d 356, 363 (5th Cir. 2013) (quoting *Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 357 (5th Cir. 1993)).

Johnson has not demonstrated any extraordinary circumstances that entitle her to relief under Rule 60(b)(6). As for the assertion that Epsilon's alleged misconduct in failing to produce a privilege log justifies relief from the judgment, this is one of the grounds for Johnson's Rule 60(b)(3) motion and therefore cannot be the basis for relief under Rule 60(b)(6). *See Hess*, 281 F.3d at 215.

Concerning Johnson's assertion that the "repeated and egregious failures on the part of her initial attorney and inability to course correct by her trial attorney," P. Mot. for Relief from Judg. (ECF No. 91) at 7, constitute extraordinary circumstances warranting relief from judgment, "it has long been held, particularly in civil litigation, that the mistakes of counsel, who is the legal agent of the client, are chargeable to the client, no matter how 'unfair' this on occasion may seem." *Pryor v. U.S. Postal Serv.*, 769 F.2d 281, 288 (5th Cir. 1985) (citation omitted). "[T]he proper recourse for [a client prejudiced by her attorney's inadvertence or negligence] . . . is to seek malpractice damages from the attorney." *Id.* (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 633 n.10 (1962)). Johnson's dissatisfaction with her attorneys' performance is therefore not the sort of "extraordinary circumstances"

that justify Rule 60(b)(6) relief. The court denies relief on this basis.

## VI

The court next considers Johnson's motion for reconsideration of the grant of partial summary judgment dismissing her discrimination claims. Johnson maintains that this outcome was "materially impacted by serious procedural and evidentiary omissions" that resulted from "ineffective legal representation and defense misconduct" that "prevented the Court from receiving a full and accurate evidentiary record[,]" and thus that the court should reconsider its ruling. P. Mot. Relief from Judg. (ECF No. 91) at 10. Epsilon responds that Johnson has failed to present any new facts or arguments that would probably change the outcome of the dismissal, and thus that the court should not reconsider its ruling.

"Motions for reconsideration have a narrow purpose and are only appropriate to allow a party to correct manifest errors of law or fact or to present newly discovered evidence." *AMS Staff Leasing, NA, Ltd. v. Associated Contract Truckmen, Inc.*, 2005 WL 3148284, at *3 (N.D. Tex. Nov. 21, 2005) (Fitzwater, J.) (internal quotation marks omitted). "Such motions are not the proper vehicle for rehashing old arguments or advancing theories of the case that could have been presented earlier." *Id.* at *3 (internal quotation marks omitted). "A party is not entitled to have a summary judgment set aside on the basis of evidence not produced prior to summary judgment unless [she] demonstrates a valid excuse for the failure to produce the evidence prior to the court's summary judgment ruling." *Wallace v. Tex. Tech Univ.*, 80 F.3d 1042, 1052 (5th Cir. 1996).

The court concludes that reconsideration of its memorandum opinion and order

granting partial summary judgment is not warranted. Johnson has failed to demonstrate that the court committed any manifest errors of law or fact or that there is any newly discovered evidence that would justify reconsidering the court's decision. Moreover, the court granted partial summary judgment dismissing Johnson's discrimination claims because she did not make a prima facie showing of discrimination: she failed to produce evidence of specific individuals outside her protected classes who were treated more favorably in "nearly identical" circumstances, as is required to make a prima facie showing of discrimination under the relevant discrimination statutes when relying on circumstantial evidence. *See Johnson I*, 2024 WL 5240151 at *5-6. The evidence that Johnson references in her motion for reconsideration—none of which is established as being "newly discovered" such that it can justify reconsideration to begin with—still does not show that any individuals outside her protected classes were treated more favorably in "nearly identical" circumstances. Johnson's unsupported claims that such individuals exist does not, without more, justify reconsidering the court's decision in *Johnson I*. Ultimately, Johnson's dissatisfaction with the summary judgment record produced by her lawyers is not grounds for reconsideration.

Johnson also maintains that the absence of internal HR investigation notes "significantly hampered [her] ability to test the integrity of [Epsilon's] stated rationale." P. Mot. for Relief from Judg. (ECF No. 91) at 15. As explained *supra* at § III, Johnson has not established that these notes could not have been sought via a motion to compel before the discovery deadline, and, by extension, before the summary judgment motion was adjudicated. She asserts that "the failure to disclose these materials likely concealed

favorable evidence," *id.*, but she does not demonstrate how any such withheld evidence might have impacted the ground on which summary judgment was granted: that Johnson failed to make a prima facie case of discrimination by not producing evidence that another similarly situated individual, in "nearly identical" circumstances outside her protected classes, was treated differently. Accordingly, the court denies Johnson's motion to reconsider the grant of partial summary judgment for Epsilon on her discrimination claims.

VII

The court now turns to Johnson's motion for judicial referral and sanctions of defense counsel.

Johnson maintains that defense counsel were "made aware of key discrepancies between sworn testimony and audio evidence," "took no corrective action[,]" P. Mot. for Relief from Judg. (ECF No. 91) at 25, and should be sanctioned and referred to disciplinary authorities pursuant to Model Rule of Professional Conduct 3.3. Johnson also requests that the court "[r]efer defense witness testimony to appropriate disciplinary and investigatory bodies for review under 18 U.S.C. §§ 1621-1623 (perjury and false declarations)." P. Mot. for Relief from Judg. (ECF No. 91) at 26.

The Texas Disciplinary Rules of Professional Conduct govern attorney conduct in civil actions in this court through the definition of "unethical behavior" found in the local civil rules. *See* N.D. Tex. Civ. R. 83.8(e) (defining "unethical behavior" as "conduct undertaken in or related to a civil action in this court that violates the Texas Disciplinary Rules of Professional Conduct"). Rule 3.3 of the Texas Disciplinary Rules of Professional

-13-

Conduct provides, in relevant part:

> (a) A lawyer shall not knowingly:
>
> (1) make a false statement of material fact or law to a tribunal;
> (2) fail to disclose a fact to a tribunal when disclosure is necessary to avoid assisting a criminal or fraudulent act;
> (3) in an ex parte proceeding, fail to disclose to the tribunal an unprivileged fact which the lawyer reasonably believes should be known by that entity for it to make an informed decision;
> (4) fail to disclose to the tribunal authority in the controlling jurisdiction known to the lawyer to be directly adverse to the position of the client and not disclosed by opposing counsel; or
> (5) offer or use evidence that the lawyer knows to be false.
>
> (b) If a lawyer has offered material evidence and comes to know of its falsity, the lawyer shall make a good faith effort to persuade the client to authorize the lawyer to correct or withdraw the false evidence. If such efforts are unsuccessful, the lawyer shall take reasonable remedial measures, including disclosure of the true facts.
>
> (c) The duties stated in paragraphs (a) and (b) continue until remedial legal measures are no longer reasonably possible.

Johnson alleges that several statements made by Epsilon's witnesses are false because they are contradicted either by the testimony of other witnesses or the recordings of certain conversations and other documentation. Johnson maintains that, post-trial, defense counsel were "made aware of key discrepancies between sworn testimony and audio evidence" and yet "took no corrective action." P. Mot. for Relief from Judg. (ECF No. 91) at 25. The court disagrees.

The fact that Epsilon's counsel received emails from Johnson— a plaintiff dissatisfied with the outcome of trial—accusing Epsilon's witnesses of perjury is not sufficient to show

that the attorneys knew that they had offered false material evidence, thereby violating their duty of candor by failing to take remedial action.[6]  Because Johnson has not established that Epsilon's counsel knew that any material evidence they offered at trial was false, the court declines to refer or sanction Epsilon's counsel on this basis.

Insofar as Johnson maintains that Epsilon's witnesses should be referred for investigation for perjury and false declarations, the court notes that, under 18 U.S.C. § 1621, perjury occurs only when a party "willfully subscribes as true any material matter which he does not believe to be true."  Similarly, liability for false declarations made before a court attaches when someone "knowingly makes any false material declaration[.]"  18 U.S.C. § 1623(a).  Johnson has not shown that any witnesses in this trial—i.e., persons who were testifying about the contents of meetings that occurred several years beforehand—willfully made statements that the witness did not believe to be true or knowingly made any false material declarations.  Even if the court assumes *arguendo* that any trial testimony was inaccurate, Johnson has not shown that a witness gave false testimony concerning a material matter with the willful intent to provide false testimony rather than as a result of confusion, mistake, or faulty memory.  *See United States v. Dunnigan*, 507 U.S. 87, 94 (1993) (citing 18 U.S.C. § 1621(1)).  Accordingly, the court declines to refer any witnesses for

---

[6]Some of the testimony that Johnson alleges was false was elicited by the questioning of her own attorney, and was not even offered by Epsilon's counsel.  For example, Michael Tambone's trial testimony that Epsilon was dissatisfied with Johnson's performance as of May 19, 2021, which Johnson alleges was false, was elicited through questioning by Johnson's lawyer.  *See* P. App. (ECF No. 86-5) at 117.

investigation for alleged violations of 18 U.S.C. §§ 1621-23.

\* \* \*

For the reasons explained, the court denies these motions filed by Johnson:

1. March 21, 2025 *pro se* motion to compel release of investigatory notes, appointment of independent forensic reviewer, sanctions under Rule 37, and fee reduction/review/stay pending review of Rule 60(b), 60(b)(2), 60(b)(3), and 60(b)(6) motion and appeals;

2. March 28, 2025 plaintiff motion for relief from judgment pursuant to 60(b)(2)(3)(6), request to vacate summary judgment & reopen summary judgment claim and for judicial referral & sanctions of defense for perjury;

3. April 2, 2025 plaintiff motion relief from judgment pursuant to 60(b)(2)(3)(6), request to vacate summary judgment & reopen summary judgment claim and for judicial referral & sanctions of defense for perjury;

4. April 2, 2025 plaintiff's motion for leave to supplement evidentiary filings in support of Rule 60(b) motion (Dkt. 85);

5. April 14, 2025 plaintiff's motion to rule on interrelated post-trial motions; and

6. April 14, 2025 plaintiff's motion to rule on interrelated post-trial motions.

**SO ORDERED**.

June 23, 2025.

_____
SIDNEY A. FITZWATER
SENIOR JUDGE